IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS SLOANE, individually and on behalf of all persons similarly situated,** | : | **Civil Action No.: 2:15-cv-1208-NBF** |
| | : | |
| **Plaintiff,** | : | **Judge Nora Barry Fischer** |
| | : | |
| **v.** | : | **ELECTRONICALLY FILED** |
| | : | |
| **GULF INTERSTATE FIELD SERVICES, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

I.      INTRODUCTION...................................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND............................................... 2

III.    LEGAL STANDARD ............................................................................................... 3

IV.     ARGUMENT ........................................................................................................... 4

        A.      The Court Should Not Consider Any Of The Extrinsic Evidence That Gulf
        Interstate Improperly Submitted With Its Motion To Dismiss ............................ 4

        B.      Plaintiff's FLSA and PMWA Claims Should Not Be Dismissed.......................... 8

                1.      Sloane Has Sufficiently Pleaded a Claim Under the FLSA and PMWA ...... 8

                2.      Exemptions Are Affirmative Defenses That Are Not Appropriate For
                Resolution On A Motion to Dismiss............................................................. 8

        C.      Plaintiff's Unjust Enrichment Claim Is Not Preempted ...................................... 12

        D.      Gulf Interstate's Motion to Disqualify Sloane As Representative of the Classes
        Must Be Denied .................................................................................................. 14

                1.      The Court Should Not Strike Plaintiff's Class and Collective Action
                Allegations at the Motion to Dismiss Stage................................................ 14

                2.      Sloane's Criminal Record is Not a Bar to Adequacy ................................. 16

                3.      Section 216(b) of the FLSA Is Not Subject to Rule 23's Adequacy
                Requirement ................................................................................................ 18

V.      CONCLUSION......................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acevedo v. Monsignor Donovan High Sch.*,
  420 F. Supp. 2d 337 (D.N.J. 2006) ........................................................................................9

*In re Adams Golf, Inc. Sec. Litig.*,
  381 F.3d 267 (3d Cir.2004).................................................................................................10

*ALA, Inc. v. CCAIR, Inc.*,
  29 F.3d 855 (3d Cir. 1994)..........................................................................................2, 4, 8

*Albertson's, Inc. v. Amalgamated Sugar Co.*,
  503 F.2d 459 (10th Cir. 1974) ..........................................................................................15

*Allen v. Coil Tubing Servs., L.L.C.*,
  846 F. Supp. 2d 678 (S.D. Tex. 2012) *aff'd*, 755 F.3d 279 (5th Cir. 2014) ...........................11

*Anderson v. Sara Lee Corp.*,
  508 F.3d 181 (4th Cir.2007) ..............................................................................................13

*Bailey v. Cumberland Cas. & Sur. Co.*,
  180 F. App'x 862 (11th Cir. 2006) ....................................................................................14

*Ballou v. iTalk, LLC*,
  No. 11-cv-8465, 2013 WL 3944193 (N.D. Ill. July 31, 2013) ................................................18

*Bank v. R and D Strategic Solutions, LLC*,
  No. 12-cv-01368, 2013 WL 1171108 (E.D.N.Y Mar. 20, 2013)............................................16

*Barrentine v. Arkansas-Best Freight Sys., Inc.*,
  450 U.S. 728 (1981)..............................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................................3, 4

*Blotzer v. L-3 Commc'ns Corp.*,
  2012 WL 6086931 (D. Ariz. Dec. 6, 2012) .........................................................................12

*Bonilla v. Red Bean Sys., Inc.*,
  61 F. Supp. 3d 145, 147-48 (D.D.C. 2014)...........................................................................18

*Bothell v. Phase Metrics, Inc.*,
  299 F.3d 1120 (9th Cir. 2002) ...........................................................................................12

*Brock v. On Shore Quality Control Specialists, Inc.*,
No. 84-CA-603, 1987 WL 31308 (W.D. Tex. Sept. 29, 1987)...........................................11, 12

*Brody v. Hankin*,
145 F. App'x 768 (3d Cir.2005) ...........................................................................................10

*Bros. v. Portage Nat. Bank*,
No. 3:06-cv-94, 2007 WL 965835 (W.D. Pa. Mar. 29, 2007)..................................15

*Buzoiu v. Risk Mgmt. Alternatives, Inc.*,
No. 03-cv-3579, 2004 WL 1505061 (E.D. Pa. June 14, 2004)................................14

*Cantu v. Milberger Landscaping, Inc.*,
No. 13-CA-731, 2014 WL 1413500 (W.D. Tex. Apr. 3, 2014) .............................17

*Castellino v. M.I. Friday, Inc.*,
No.11-cv-261, 2012 WL 2513500 (W.D. Pa. June 29, 2012) (Fischer, J.) ...........................10

*In re Computer Memories Sec. Litig.*,
111 F.R.D. 675 (N.D.Cal.1986)...........................................................................16

*Conley v. Gibson*,
355 U.S. 41 (1957).....................................................................................................3

*Council 31, Am. Fed'n of State, Cty. & Mun. Employees, AFL-CIO v. Ward*,
No. 87 C 356, 1990 WL 103226 (N.D. Ill. July 17, 1990) .....................................14

*Forauer v. Vermont Country Store, Inc.*,
No. 5:12-cv-276, 2015 WL 225224 (D. Vt. Jan. 16, 2015) ....................................18

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982).................................................................................................15

*Harris v. Scriptfleet, Inc.*,
No. 11-cv-4561, 2011 WL 6072020 (D.N.J. Dec. 6, 2011).....................................4

*Heinzl v. Cracker Barrel Old Country Store, Inc.*,
No. 2:14-cv-1455-MRH, 2015 WL 1925811 (W.D. Pa. Apr. 24, 2015)................................15

*Hively v. Allis-Chalmers Energy, Inc.*,
No. 13-cv-106, 2013 WL 2557629 (W.D. Pa. June 10, 2013) (Fischer, J.) ...........2, 10, 11, 13

*Hively v. Allis-Chalmers Energy, Inc.*,
No. 13-cv-106, 2013 WL 5936418 (W.D. Pa. Nov. 5, 2013) (Fischer, J.)..............................19

*Hodczak v. Latrobe Specialty Steel Co.*,
08-cv-649, 2009 WL 911224 (W.D. Pa. Mar. 31, 2009)........................................16

*Hodgson v. Gilmartin*,
    No. 06-cv-1944, 2006 WL 2869532 (E.D. Pa. Oct. 5, 2006) ................................4, 9

*In re Hydrogen Peroxide Antitrust Litig.*,
    552 F.3d 305 (3d Cir. 2008), *as amended* (Jan. 16, 2009).......................................15

*Juan Su v. Guang Yang Li*,
    No. 10-cv-5268, 2011 WL 3329882 (D.N.J. Aug. 1, 2011) .......................................4

*Knepper v. Rite Aid Corp.*,
    675 F.3d 249 (3d Cir. 2012)..........................................................................12, 13

*Lusardi v. Xerox Corp.*,
    118 F.R.D. 351 (D.N.J. 1987)...........................................................................18

*Mell v. GNC Corp.*,
    No. 10-cv-945, 2010 WL 4668966 (W.D. Pa. Nov. 9, 2010) ...................................8

*O'Boyle v. Braverman*,
    337 F. App'x 162 (3d Cir. 2009) .........................................................................7

*O'Dell v. Alyeska Pipeline Serv. Co.*,
    856 F.2d 1452 (9th Cir. 1988) .....................................................................11, 12

*Parish v. Sheriff of Cook Cnty*,
    No. 07-cv-4369, 2008 WL 4812875 (N.D. Ill. Oct. 24, 2008) ................................17

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3d Cir. 1993)..........................................................................5, 7

*Perez v. Davis Design & Dev., Inc.*,
    No. 13-cv-1118, 2013 WL 6835095 (W.D. Pa. Dec. 23, 2013) (Fischer, J) ............4

*In re RBC Dain Rauscher Overtime Litig.*,
    703 F. Supp. 2d 910 (D. Minn. 2010)..................................................................11

*Robin v. Doctors Officenters Corp.*,
    123 F.R.D. 579 (N.D. Ill. 1988).........................................................................15

*Robinson v. Empire Equity Grp., Inc.*,
    Civ. Action No. 09-cv-1603, 2009 WL 4018560 (D.Md. Nov. 18, 2009) ...............18

*Rocks v. Phila.*,
    868 F.2d 644 (3d Cir. 1989)..............................................................................4

*Rummel v. Highmark, Inc.*,
    No. 3:13-cv-87, 2013 WL 6055082 (W.D. Pa. Nov. 15, 2013)................................8

*Russell v. Wells Fargo & Co.*,
    672 F. Supp. 2d 1008 (N.D. Cal. 2009) ...............................................................6

*Schaefer v. Indiana Michigan Power Co.*,
    358 F.3d 394 (6th Cir. 2004) ...........................................................................11

*Schmidt v. Skolas*,
    770 F.3d 241 (3d Cir. 2014)...............................................................5, 6, 7, 10

*Smith v. Josten's Am. Yearbook Co.*,
    78 F.R.D. 154 (D. Kan. 1978) *aff'd,* 624 F.2d 125 (10th Cir. 1980) .................14, 17

*Stanich v. Travelers Indem. Co.*,
    259 F.R.D. 294 (N.D. Ohio 2009) ....................................................................17

*Swank v. Wal–Mart Stores, Inc.*,
    No. 13-cv-01185, 2015 WL 1508403-MRH (W.D. Pa. Mar. 31, 2015)................................15

*Tahir v. Avis Budget Grp., Inc.*,
    2009 WL 4911941 (D.N.J. Dec. 14, 2009) ...........................................................16

*Thompson v. Real Estate Mortg. Network*,
    748 F.3d 142 (3d Cir. 2014).............................................................................4

*Thompson v. U.S. Airways, Inc.*,
    717 F. Supp. 2d 468 (E.D. Pa. 2010) ................................................................13

*In re Tower Air, Inc.*,
    416 F.3d 229 (3d Cir.2005)..............................................................................10

*Trahan v. Honghua Am., LLC*,
    No. 11-cv-2271, 2013 WL 2617894 (S.D. Tex. June 10, 2013)..........................................11

*Truman v. DeWolff, Boberg, & Assocs., Inc.*,
    No. 07-cv-01702, 2009 WL 2015126 (W.D. Pa. July 7, 2009) ..............................................10

*United States v. Bibbs*,
    152 F. App'x 247 (3d Cir. 2005) ......................................................................7

*Yucesoy v. Uber Techs., Inc.*,
    No. 15-cv-0262, 2015 WL 4571547 (N.D. Cal. July 28, 2015) ...........................................16

*Zannikos v. Oil Inspections (U.S.A.), Inc.*,
    605 F. App'x 349 (5th Cir. 2015) ..................................................................11, 12

*Zelinsky v. Staples, Inc.*,
    No. 08-cv-684, 2008 WL 4425814 (W.D. Pa. Sept. 29, 2008)..............................................13

**Statutes**

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* .............................................................. *passim*

Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ............................... *passim*

**Other Authorities**

29 CFR § 541.203 ............................................................................................................12

34 Pa. Code § 231.41 .......................................................................................................8

DOL Opinion Letter, 1998 WL 852755 (Mar. 11, 1998) .............................................12

FED. R. CIV. P. 8 .....................................................................................................3, 10, 13

FED. R. CIV. P. 23 ...................................................................................................... *passim*

FED. R. EVID. 609(b) .........................................................................................................7

## I.     INTRODUCTION

Defendant Gulf Interstate Field Services, Inc.'s ("Gulf Interstate" or "Defendant") Motion to Dismiss Plaintiff's Complaint ("Motion" (ECF No. 6)) attempts to argue summary judgment at the motion to dismiss stage, relying on extrinsic evidence of Plaintiff Thomas Sloane's ("Sloane" or "Plaintiff") criminal record – which is irrelevant to whether Gulf Interstate properly paid its Field Workers overtime – in an attempt to embarrass and discredit Plaintiff. None of Gulf Interstate's arguments are appropriate at this stage, and Gulf Interstate's Motion should be summarily denied.

Gulf Interstate asks the Court to accept its affirmative defense that Plaintiff was exempt under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA") as a "highly compensated employee." As a primary matter, Gulf Interstate ignores that there is no highly compensated exemption under the PMWA. More importantly, Gulf Interstate asks the Court to resolve factual and credibility disputes at the pleading stage through consideration of exhibits that are not integral to or explicitly relied upon in the Complaint. The pleading stage is not the time to raise such arguments or to introduce extrinsic evidence. It is axiomatic that the Court does not consider factual disputes in ruling on a motion to dismiss, but instead must accept Plaintiff's allegations in the complaint as true. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). The case law that Gulf Interstate cites in support is not to the contrary.

Next, Gulf Interstate argues that Sloane's unjust enrichment claim should be dismissed as preempted. *See generally* Mot. at 5-20. Yet in so arguing, Gulf Interstate ignores that this Court has squarely addressed and rejected both the exemption and preemption arguments in a similar case. *See Hively v. Allis-Chalmers Energy, Inc.*, No. 13-cv-106, 2013 WL 2557629, at *4 (W.D.

Pa. June 10, 2013) (Fischer, J.) ("*Hively I*") (denying defendants' motion to dismiss, holding "courts routinely deny motions to dismiss when a defendant asserts that an exemption applies" and "numerous courts have permitted plaintiffs to plead causes of action pursuant to [statutory wage and hour laws] as well as the doctrine of unjust enrichment"). There is no reason to deviate from this Court's prior holdings.

Finally, and perhaps most egregiously, Gulf Interstate seeks dismissal of Plaintiff's class and collective action claims by parading irrelevant and inadmissible evidence of Sloane's past criminal acts that date back over nineteen years (before Gulf Interstate employed Sloane), in an attempt to show that Sloane is an inadequate class representative, without any context and before Sloane has filed a motion for certification.[1] As Sloan's attached declaration demonstrates, his past criminal record is not indicative of his present character, and at the appropriate time, Plaintiff will be a more than adequate class representative. This is a perfect example of why courts routinely deny preemptive motions to strike class allegations at the motion to dismiss stage and prior to any discovery.  Defendant's Motion should be denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On September 16, 2015, Sloane filed a Class and Collective Action Complaint in this Court. (Compl. (ECF No. 1.)) Sloane brings this case as a collective action on behalf himself and all current or former Field Workers (or equivalent positions) employed by Gulf Interstate in the United States who were paid a day rate between September 16, 2012 and the present (the "FLSA Class"),[2] and as a class action on behalf of all current or former Field Workers (or equivalent positions) employed by Gulf Interstate in Pennsylvania who were paid a day rate between

---

[1] Of the 16 entries in Plaintiff's criminal record, 3 are greater than 10 years old, 14 are greater than 6 years old, and the most recent is 5 years old. Fourteen of the sixteen are misdemeanors under Texas law.

[2] Plaintiff's proposed FLSA Class does not include any periods during which FLSA Class Members worked on the MarkWest Ohio Project and were paid a day rate. (*Id.* ¶ 12.)

September 16, 2011 and the present (the "Pennsylvania Class"). (Compl. ¶¶ 12-13.) Sloane also brings a claim for common law unjust enrichment under Pennsylvania law on behalf of himself and the Pennsylvania Class.

Sloane was employed by Gulf Interstate as a pipeline inspector from approximately April 2014 through October 2014. (*Id.* ¶ 18.) Sloane reviewed and aided employees in performing routine inspections of newly-laid pipes on pipelines in and around Pennsylvania. (*Id.* ¶¶ 19-20.) In performing pipeline inspections, Plaintiff and the Classes utilized techniques and procedures obtained primarily from industry manuals, standards, and codes, and they worked within closely prescribed limits provided by Gulf Interstate, the pipeline construction contractor and owner, and various agencies. (*Id.* ¶¶ 22-23.) The work performed by Plaintiff and the Classes is the same type of routine inspection work that does not qualify for an exemption under the FLSA. (*Id.* ¶ 23 (citing 29 C.F.R. 541.203(g) ("Ordinary inspection work generally does not meet the duties requirements for the administrative exemption.")))

Gulf Interstate paid Plaintiff and the Classes pursuant to a day rate compensation system that provided them with compensation in the form of a day rate for each day that they worked. (Compl. ¶¶ 25; 27.) Gulf Interstate did not pay Plaintiff and the Classes any overtime compensation when they worked in excess of forty (40) hours per week. (*Id.* ¶¶ 25-27.) Gulf Interstate's policy of paying a day rate for each day worked without any overtime compensation to Plaintiff and the proposed Classes is in violation the FLSA and PMWA. (*Id.* ¶¶ 47-62.)

## III.    LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley*, 355 U.S. at 47). "A plaintiff need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (internal citation omitted); *see also Perez v. Davis Design & Dev., Inc.*, No. 13-cv-1118, 2013 WL 6835095, at *3 (W.D. Pa. Dec. 23, 2013) (Fischer, J).

In making such a determination, courts "must consider only those facts alleged in the complaint and accept all of those allegations as true." *ALA, Inc.*, 29 F.3d at 859 (citing *Hishon*, 467 U.S. at 73); *Twombly,* 550 U.S. at 555-56. The Court must also accept as true all reasonable inferences that may be drawn from the allegations and view facts and inferences in the light most favorable to the non-moving party. *Rocks v. Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). The Court does not assess Plaintiff's credibility when evaluating a motion to dismiss. *See, e.g.*, *Hodgson v. Gilmartin*, No. 06-cv-1944, 2006 WL 2869532, at *3 (E.D. Pa. Oct. 5, 2006) (rejecting defendant's arguments on credibility and the accuracy of plaintiff's allegations, holding "[b]oth parties seem to have forgotten that the Court is only ruling on the Motion to Dismiss where its duty is to accept the well pled allegations of the Complaint, whether they are true or not.").[3]

## IV.   ARGUMENT

### A.   The Court Should Not Consider Any Of The Extrinsic Evidence That Gulf Interstate Improperly Submitted With Its Motion To Dismiss

As a threshold matter, the Court should refuse to consider the numerous extrinsic

---

[3] Additionally, courts have found that wage and hour cases tend to be more straightforward and therefore less likely to strain the limits of "plausibility" than the more complicated conspiracy alleged in *Twombly*. *See, e.g.*, *Harris v. Scriptfleet, Inc.*, No. 11-cv-4561, 2011 WL 6072020, at *2, *4 (D.N.J. Dec. 6, 2011) (quoting *Sec. of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) ("[U]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite simple and straightforward", and applying the same analysis to allegations under state wage and hour law); *Juan Su v. Guang Yang Li*, No. 10-cv-5268, 2011 WL 3329882, at *5 (D.N.J. Aug. 1, 2011) ("The requirements to state a claim of a FLSA violation are quite straightforward…") (citations omitted).

documents that Gulf Interstate attaches to its Motion, which include 1) a declaration from Cathie Kramer ("Kramer Decl.") (ECF No. 7-1); 2) an offer letter dated April 11, 2014 (Kramer Decl., Ex. 1); 3) a pay letter dated June 17, 2014 (Kramer Decl., Ex. 2); 4) paystubs (Kramer Decl., Ex. 3); 4) timesheets (Kramer Decl., Ex. 4); and 5) documents relating to Sloane's criminal record (Mot., Exs A to S).

The submitted documents are not properly before the Court and should not be reviewed on a motion to dismiss. To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. *See* FED. R. CIV. P. 12(b)(6); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). If the Court allows extrinsic documents to be admitted, the Motion must be converted to one for summary judgment, and Plaintiff must be given an opportunity to conduct discovery. *See, e.g.*, *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

An exception to the general rule is that a "document integral to or explicitly relied upon in the complaint" may be considered without converting the motion to dismiss into one for summary judgment. *Schmidt*, 770 F.3d at 249. "A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are ***based*** on the document." *Pension Ben. Guar. Corp.*, 998 F.2d at 1196 (emphasis added); *Schmidt*, 770 F.3d at 249. In *Schmidt*, the Third Circuit affirmed that the district court could not rely on certain press releases as "[t]hey are not integral to the complaint -- the complaint was not 'based' on [the press releases]." *Schmidt*, 770 F.3d at 249.

Here, Sloane's allegations are not based on Gulf Interstate's letters, payroll records, and timesheets, and certainly are not based on the documents relating to Sloane's criminal record. First, Gulf Interstate's affidavit regarding Sloane's employment is not admissible on a motion

to dismiss. *See Schmidt*, 770 F.3d at 249 (holding that the affidavits attached by the defendants "clearly may not be considered at this stage").

Second, the letters, payroll records, and timesheets are not alleged in the Complaint in a manner that would permit Gulf Interstate to introduce them as extrinsic evidence. *Id.* ("[W]hat is critical is whether the claims in the complaint are based on an extrinsic document and not merely whether the extrinsic document was explicitly cited.") (internal quotation omitted). Here, contrary to Gulf Interstate's assertion that because Sloane referenced one offer letter sent by Gulf Interstate and "the existence of an employment agreement which does not guarantee compensation." (Mot. at 7 (citing Compl. ¶¶ 25-27)), Sloane does not explicitly base his Complaint on the extrinsic documents that Gulf Interstate seeks to introduce. The fact that Gulf Interstate attempts to rely upon a June 17, 2014 letter as part of its defense does not convert the letter into a document upon which Sloane bases his claims.[4] Gulf Interstate's sweeping statements about Sloane's purported reference to the extrinsic employment related records is insufficient to warrant this Court's review the records in a vacuum on a motion to dismiss.

Finally, the Court should not take judicial notice of Sloane's criminal record, as it

---

[4] Even were the Court to consider the June 17, 2014 letter, it does not, as Gulf Interstate claims, contain a clear guarantee of a weekly compensation. Instead, that letter states that, "You will be paid your guaranteed salary (stated above) *if you are at the job site* and ready and willing to work." (ECF No. 7-1, p.7) (emphasis added). In other words, Gulf Interstate has placed a condition upon Sloane receiving his day rate of having to travel to the job site. While such a condition would be proper in a straight day rate pay system, it is entirely inconsistent with a salary basis. Moreover, Gulf Interstate cannot force its employees to agree to an illegal pay scheme. *See, e.g.*, *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate."); *Russell v. Wells Fargo & Co.*, 672 F. Supp. 2d 1008, 1014 (N.D. Cal. 2009) ("Defendants essentially argue that misclassified employees have implicitly agreed not to receive their FLSA entitlement to overtime pay. This would be illegal. Employees cannot agree to waive their right to overtime pay.") (citing *Barrentine*, 450 U.S. 728 at 739-40). This is just one of the many factual issues that warrant discovery in this action.

constitutes extrinsic evidence that is not related to the allegations in the Complaint. *Pension*, 998 F.2d at 1196; *Schmidt*, 770 F.3d at 249. The cases cited by Gulf Interstate in support of its position are inapposite.[5] Even if judicial notice is taken, some of the convictions that Gulf Interstate seeks to introduce occurred over ten years ago and would be inadmissible under FED. R. EVID. 609(b),[6] and, as described in Section II(D)(2) *infra*, Sloane's past criminal record has no bearing on his ability to serve as a class representative. *See generally* Exhibit A, Declaration of Thomas Sloane ("Sloane Decl.").[7] This Court should strike or refuse to consider Gulf

---

[5] *See* Motion. at 14 (citing *Wodarski v. Erie Office of Children & Youth Servs.*, No. 10-cv-292, 2012 WL 602933, at *1 (W.D. Pa. Feb. 23, 2012) (allowing evidence of criminal record in *pro se* civil rights case); *Gov't of Virgin Islands v. Testamark*, 528 F.2d 742, 743 (3d Cir. 1976) (reviewing decision to take judicial notice of prior criminal record for impeachment purposes in a subsequent criminal case); *Ross v. McElhenney*, No. 07-cv-1022, 2007 WL 2702701, at *2 (W.D. Pa. Sept. 13, 2007) (taking judicial notice of prior criminal case in malpractice case)). Defendant also cites *O'Boyle v. Braverman*, 337 F. App'x 162 (3d Cir. 2009). The Third Circuit did not address criminal convictions in *O'Boyle*.

[6] Gulf Interstate filed evidence of Sloane's criminal convictions from over nineteen years ago on the public docket without giving any notice to Plaintiff, Plaintiff's counsel, or the Court. This evidence is inadmissible. *See* FED. R. EVID. 609(b) ("if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."). *See United States v. Bibbs*, 152 F. App'x 247, 251 (3d Cir. 2005) ("[T]he lack of notice was sufficient grounds to exclude the [24 year old] conviction."); *McCall*, 236 F.R.D. at 251 (analyzing a motion for class certification and finding adequate a proposed class representative who had criminal convictions on his record, holding "[i]t is doubtful that [defendant] could use [plaintiff]'s conviction at trial to impeach him. Under Rule 609, 'if a period of more than ten years have elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date,' evidence of the conviction is not admissible."). The Court should determine that any evidence of convictions from over 10 years ago is not admissible now, and will not be admissible during any stage of this litigation.

[7] As demonstrated by Sloane's declaration, Gulf Interstate's introduction of Sloane's criminal record in support of its Motion is inappropriate. Contrary to Gulf Interstate's *ad hominem* attacks, Thomas Sloane was not a "career criminal." In fact, Mr. Sloane has been sober and has not been convicted of any crimes in over five years. *See* Sloane Decl. ¶¶ 5-10. It is evident that citation to Plaintiff's bare criminal record does not tell the whole story, and if Gulf Interstate intends to rely on these blanket attacks as an argument against his adequacy as a class

Interstate's external evidence submitted to the Court in its motion to dismiss.

**B.      Plaintiff's FLSA and PMWA Claims Should Not Be Dismissed**

**1.      Sloane Has Sufficiently Pleaded a Claim Under the FLSA and PMWA**

Sloane's Complaint sufficiently provides notice to Gulf Interstate of its FLSA and PMWA claims. That is all that is required at this stage. The FLSA and PMWA both require that non-exempt employees be paid for overtime at a rate of not less than 1-1/2 times the employee's regular rate of pay for all hours in excess of 40 hours in a workweek. *See* 29 U.S.C. § 207(a)(1); 34 Pa. Code § 231.41; 43 P.S. § 333.104(c). In order to state a *prima facie* case under the FLSA and PMWA, a Plaintiff need only plead that the plaintiff was an employee of a defendant that was engaged in commerce[8] and that the plaintiff worked more than forty hours per workweek, but was not paid overtime compensation. *See Mell v. GNC Corp.*, No. 10-cv-945, 2010 WL 4668966, at *5 (W.D. Pa. Nov. 9, 2010); *Rummel v. Highmark, Inc.*, No. 3:13-cv-87, 2013 WL 6055082, at *3 (W.D. Pa. Nov. 15, 2013) (noting same basic framework applicable to PMWA and FLSA claims).

Here, Sloane alleges that he and the Classes were employed by Gulf Interstate, were engaged in commerce, were misclassified as exempt, regularly worked in excess of 40 hours per week, and were denied overtime pay as a result of Gulf Interstate's compensation scheme (Compl. ¶¶ 18-19, 24-29). It is undisputed that the Court must "accept all of [Plaintiff's pleaded] allegations as true." *ALA, Inc.*, 29 F.3d 855 at 859. The simple question is whether Plaintiff has stated *prima facie* case under the FLSA and PMWA, and the answer is yes.

**2.      Exemptions Are Affirmative Defenses That Are Not Appropriate For Resolution On A Motion to Dismiss**

The Court need not read past the first paragraph of Gulf Interstate's argument to

---

representative, the issue necessitate discovery.
[8] The PMWA does not contain the FLSA's "engaged in commerce" requirement.

determine that its motion must be denied at this stage. (Mot. at 1 ("Plaintiff has conjured up this lawsuit **_falsely_** alleging that he and others employed by Defendant [] were denied overtime pay…") (emphasis added)). Gulf Interstate argues that the allegations in the pleadings **_contradict_** its evidence, ignoring the legal standard, in which the Court must accept the allegations in the Complaint as true and may not make credibility determinations. *See Hodgson*, 2006 WL 2869532, at *3 (rejecting credibility argument on motion to dismiss). Similarly, Gulf Interstate's attempt to convince the Court that Sloane's factual allegations are false by referencing – often in bold and underlined font – purported indiscretions from his past must be rejected. (Mot. at 2-3.) *See Acevedo v. Monsignor Donovan High Sch.,* 420 F. Supp. 2d 337, 342 (D.N.J. 2006) (holding arguments that merely attack the factual accuracy of the plaintiff's allegations are "improper arguments to support a motion to dismiss under Rule 12(b)(6)"). For this reason alone, Gulf Interstate's motion should be denied.

Moreover, the sole basis for Gulf Interstate's challenge to Sloane's FLSA and PMWA claim is its incorrect and disputed assertion that Sloane is exempt from the overtime provisions of the FLSA and PMWA under the highly compensated employee ("HCE") exemption.[9] (Mot. at 5.) Gulf Interstate spends almost eight pages of its brief outlining every element of the HCE exemption and introducing facts that are not contained within and often contradict the Complaint. (Mot. at 5-12.) Gulf Interstate's entire argument must be rejected as premature, as the applicability of the HCE exemption is an affirmative defense, the resolution of which is not

---

[9] Notably, Gulf Interstate overlooks that **_there is no HCE exemption under the PMWA_**. *See* 43 P.S. § 333.105 (outlining available exemptions under the PMWA); *see also* Overtime Rules in Pennsylvania, PA Department of Labor & Industry, *available at* (https://www.portal.state.pa.us/portal/server.pt/community/labor_law_compliance/10515/overti me_rules_in_pennsylvania/553571) (last visited Nov. 16, 2015) ("The revised federal regulations allow an employer to restrict overtime if an employee is earning over $100,000 annually. However, this federal exclusion does not apply to Pennsylvania employees because of Pennsylvania law.").

appropriate on a motion to dismiss. *See, e.g.*, *Schmidt*, 770 F.3d at 248 ("Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses...").

Courts in the Third Circuit have consistently held that "it is not appropriate to grant a motion to dismiss based on an affirmative defense where the factual predicate of said defense is not apparent from the face of the complaint." *Hively I*, 2013 WL 2557629, at *1.[10] Exemptions are affirmative defenses upon which the employer has the burden of proof, that must be narrowly construed against the employer, and which must be addressed on a full record after discovery. *See Castellino v. M.I. Friday, Inc.*, No.11-cv-261, 2012 WL 2513500, at *3 (W.D. Pa. June 29, 2012) (Fischer, J.) ("The United States Supreme Court has admonished that the FLSA's exemptions 'are to be narrowly construed.'"). The party seeking to assert an exemption has the burden of establishing that the employees "plainly and unmistakably" fall within the "terms and spirit" of the exemption. *Id.*; *Truman v. DeWolff, Boberg, & Assocs., Inc.*, No. 07-cv-01702, 2009 WL 2015126, at *4 (W.D. Pa. July 7, 2009). Here, Plaintiff has pleaded many factual allegations that must be accepted at true at the motion to dismiss stage. Gulf Interstate cannot end run its burden of proof by seeking dismissal at the pleading stage and asking the Court to accept its own contradictory facts as true based solely on its own extrinsic evidence without any discovery.

This Court previously ruled on this very issue in its *Hively v. Allis-Chalmers* decision, where plaintiffs (field supervisors) alleged that defendants (oil and gas servicing companies) misclassified them as exempt and illegally denied them overtime compensation. *See Hively I*,

---

[10] *See also Brody v. Hankin,* 145 F. App'x 768, 771 (3d Cir.2005) (citing *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 n. 10 (3d Cir.1978)); *In re Tower Air, Inc.,* 416 F.3d 229, 242 (3d Cir.2005) ("affirmative defenses generally will not form the basis for dismissal under Rule 12(b)(6)"); *In re Adams Golf, Inc. Sec. Litig.,* 381 F.3d 267, 277 (3d Cir.2004) ("an affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b) (6)").

2013 WL 2557629, at *1. The defendants in *Hively* sought to dismiss the plaintiffs' complaint on the ground they were exempt employees. In denying defendants' motion, this Court held:

> [f]ederal courts ruling on [PMWA and] analogous FLSA overtime provisions have held that whether a plaintiff falls within a particular exemption constitutes a mixed question of law and fact, requiring the Court to examine historical or record facts. *Hein v. PNC Fin. Servs. Grp., Inc.,* 511 F. Supp. 2d 563, 570 (E.D. Pa. 2007). ***In light of this fact-intensive analysis, courts routinely deny motions to dismiss when a defendant asserts that an exemption applies***.

*Hively I*, 2013 WL 2557629, at *2 (emphasis added) (citing *Haskins v. VIP Wireless Consulting*, No. 09–754, 2009 WL 4639070, at *6 (W.D. Pa. Dec. 7, 2009) (Standish, J.) ("We conclude that such a detailed, fact-intensive analysis is impossible at this stage of the litigation."); *Snyder v. Dietz & Watson, Inc.,* 837 F. Supp. 2d 428, 451–52 (D.N.J. 2011) ("The Court finds that resolution of the affirmative defense raised by Defendants is not appropriate on a motion to dismiss under Rule 12(b)(6).")).

Not coincidentally, none of the cases Gulf Interstate cites in support of its HCE exemption argument **were decided on a motion to dismiss**.[11] In addition, the three primary cases on which Gulf Interstate relies in support of its exemption defense -- *Zannikos*, *O'Dell* and *Brock* -- are not binding, involve different fact patterns, and are otherwise distinguishable at the appropriate

---

[11] *See Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349, 359 (5th Cir. 2015) (reviewing decision granting summary judgment); *O'Dell v. Alyeska Pipeline Serv. Co.*, 856 F.2d 1452, 1454 (9th Cir. 1988) (reviewing district court's award of overtime and liquidated damages); *Brock v. On Shore Quality Control Specialists, Inc.*, No. 84-CA-603, 1987 WL 31308, at *1 (W.D. Tex. Sept. 29, 1987) (making post-trial determination regarding inspectors under prior version of the FLSA where plaintiff conceded that all inspectors were paid on a salary basis). *Allen v. Coil Tubing Servs., L.L.C.*, 846 F. Supp. 2d 678, 687 (S.D. Tex. 2012) *aff'd,* 755 F.3d 279 (5th Cir. 2014) (analyzing exempt status at summary judgment); *In re RBC Dain Rauscher Overtime Litig.*, 703 F. Supp. 2d 910, 913 (D. Minn. 2010) (summary judgment ruling); *Schaefer v. Indiana Michigan Power Co.*, 358 F.3d 394, 398 (6th Cir. 2004) (reviewing summary judgment). One of Gulf Interstate's cases actually declines to grant summary judgment. *See Trahan v. Honghua Am., LLC*, No. 11-cv-2271, 2013 WL 2617894, at *13 (S.D. Tex. June 10, 2013) (denying to grant summary judgment on the highly compensated employee exemption, holding defendant failed to establish the threshold issue of showing that the employees were paid on a salary basis).

stage.[12] Gulf Interstate's attempt to rely on its affirmative defenses as grounds for dismissing

Plaintiff's Complaint should be rejected.

### C.   Plaintiff's Unjust Enrichment Claim Is Not Preempted

Gulf Interstate next seeks to dismiss Plaintiff's unjust enrichment claim on the ground

that it is preempted by Plaintiff's FLSA claim. Contrary to Gulf Interstate's arguments, the

Third Circuit has not directly addressed this issue,[13] and Courts in this District have routinely

---

[12] Importantly, none of the cases say anything about one of the primary issues in this case, whether Gulf Interstate complied with the FLSA or PMWA in its day rate compensation scheme. *Zannikos* affirmed the district court's summary judgment opinion, finding that a Marine Superintendent who made in excess of $100,000 per year on a salary basis was subject to the HCE exemption, while those who made less than $100,000 were non-exempt from the FLSA. *Zannikos*, 605 F. App'x at 360. Respectfully, this Court should decline to follow *Zannikos* at any stage of this litigation, as Gulf Interstate will not be able to demonstrate that the routine inspection work that Plaintiff and the Class perform in the field is "office or non-manual work" or that it is "directly related to the management or general business operations of [Gulf Interstate] or its customers." Of note, however, *Zannikos* actually supports Plaintiff's claims under the PMWA, which does not contain an HCE exemption. Second, as noted in *Zannikos*, the reasoning in *O'Dell* was later rejected by both the Ninth Circuit and the Supreme Court. 605 F. App'x at 358; *see also Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1129 (9th Cir. 2002) ("*O'Dell* … ignored the regulations' distinction between the use of discretion and the application of skill, reasoning that such regulations are simply guides that do not bind the court or limit its discretion. [(citation omitted.)] That view has since been rejected by both the Supreme Court and the Ninth Circuit."). Finally, Gulf Interstate's reliance on the 1987 decision in *Brock* ignores *Zannikos* as well as more recent case law distinguishing *Brock* and finding that inspectors are not administratively exempt. *See Blotzer v. L-3 Communications Corp*., 2012 WL 6086931 (D. Ariz. Dec. 6, 2012) (granting summary judgment for field inspectors, finding that they were not administratively exempt, and distinguishing *Brock*); *see also* DOL Opinion Letter, 1998 WL 852755 (Mar. 11, 1998) (finding a wide variety of job titles, including inspectors were not administratively exempt); 29 CFR § 541.203 ("Ordinary inspection work generally does not meet the duties requirements for the administrative exemption."). Plaintiff is prepared to more fully brief these issues at the appropriate juncture of the case.

[13] Gulf Interstate cites *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) in support of its preemption argument. *Knepper*, however, did not directly address preemption of unjust enrichment claims under Pennsylvania law. *Knepper* analyzed whether Maryland and Ohio state wage and hour laws were preempted by the FLSA, and concluded that they were not preempted. *Knepper*, 675 F.3d at 263. To the extent the Third Circuit analyzed whether state common law claims were preempted by the FLSA, it was done only through its citation to a Fourth Circuit case which was cited by defendant, *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir.2007). *Anderson* held that "North Carolina's 'contract, negligence, and fraud' laws were preempted by the FLSA." *Knepper*, 675 F.3d at 263 (citing *Anderson*, 508 F.3d at 193). Neither *Knepper* nor

denied motions to dismiss unjust enrichment claims on preemption grounds in actions just like this one. *See, e.g.*, *Hively I*, 2013 WL 2557629, at *3 (denying defendants' motion to dismiss plaintiffs' unjust enrichment claim in wage and hour action brought under the FLSA and PMWA, holding "numerous courts have permitted plaintiffs to plead causes of action pursuant to the PMWA as well as the doctrine of unjust enrichment"); *Zelinsky v. Staples, Inc.*, No. 08-cv-684, 2008 WL 4425814, at *8 (W.D. Pa. Sept. 29, 2008) (permitting both PMWA and unjust enrichment claims); *Thompson v. U.S. Airways, Inc.*, 717 F. Supp. 2d 468, 480–81 (E.D. Pa. 2010) (same).[14]

Moreover, this Court has already determined that "Rule 8(d)(2) of the Federal Rules of Civil Procedure expressly authorizes parties to plead claims in the alternative." *Hively I*, 2013 WL 2557629, at *3. Plaintiff has brought causes of action for violation of the FLSA on behalf of the FLSA Class (Compl. ¶¶ 47-53), violation of the PMWA on behalf of the Pennsylvania Class (*Id.* ¶¶ 54-62), and common law unjust enrichment on behalf of the Pennsylvania Class (*Id.* ¶¶ 63-68). The case law is clear that Plaintiff may plead claims, in the alternative, for statutory wage violations and common law unjust enrichment on behalf of the respective Classes. Accordingly, because it undisputed that Plaintiff has sufficiently pleaded a cause of action for unjust enrichment, and this Courts in this District consistently hold that statutory wage and hour claims do not preempt claims for unjust enrichment at the pleading stage, this

---

*Anderson* discussed Pennsylvania law or unjust enrichment.

[14] The cases cited by Gulf Interstate that directly address FLSA preemption of unjust enrichment claims were all decided by the United States District Court for the District of New Jersey, and none of them involved claims under Pennsylvania state law. (Mot. at 12-13 (citing *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 491 (D.N.J. 2014); *Szczachor v. All Granite & Marble Corp.*, No. 13-cv-395, 2014 WL 7365780, at *2 (D.N.J. Dec. 19, 2014); *Kelly v. Borough of Union Beach*, No. 10-cv-4124, 2011 WL 551170, at *1 (D.N.J. Feb. 8, 2011)). This Court should follow its earlier precedent and permit both PMWA and unjust enrichment claims to proceed in this case.

Court should permit Plaintiff's statutory wage violations and unjust enrichment claims to proceed.

### D.      Gulf Interstate's Motion to Disqualify Sloane As Representative of the Classes Must Be Denied

Finally, although not so styled, Gulf Interstate moves to strike Plaintiff's class and collective action allegations before Plaintiff has filed certification or notice motions, by challenging Sloane's adequacy as a representative plaintiff pursuant to FED. R. CIV. P. 23(a)(4). Gulf Interstate asks the Court to consider extrinsic evidence and rule, without the benefit of any discovery, that Sloane's criminal record renders him an inadequate plaintiff. These arguments and purported evidence are irrelevant at the motion to dismiss stage, and are never relevant to the similarly situated analysis under the FLSA. Moreover, the record, when fully developed, will demonstrate that Sloane is a more than adequate representative plaintiff. Gulf Interstate's motion should be denied.

### 1.      The Court Should Not Strike Plaintiff's Class and Collective Action Allegations at the Motion to Dismiss Stage

Without citing to a *single* case in which adequacy has been determined at the pleading stage,[15] Gulf Interstate nonetheless seeks to have Sloane declared an inadequate class

---

[15] *See Smith v. Josten's Am. Yearbook Co.*, 78 F.R.D. 154, 158 (D. Kan. 1978) *aff'd*, 624 F.2d 125 (10th Cir. 1980) (discussing a motion to dismiss for want of prosecution by named plaintiff *after* the parties engaged in discovery and settlement had been proposed); *Bailey v. Cumberland Cas. & Sur. Co.*, 180 F. App'x 862, 864 (11th Cir. 2006) (case dismissed because named plaintiff lacked standing as plaintiff's claims were time-barred); *Buzoiu v. Risk Mgmt. Alternatives, Inc.*, No. 03-cv-3579, 2004 WL 1505061, at *7 (E.D. Pa. June 14, 2004) (making adequacy determination in deciding motion for class certification, after discovery had taken place); *Council 31, Am. Fed'n of State, Cty. & Mun. Employees, AFL-CIO v. Ward*, No. 87 C 356, 1990 WL 103226, at *3 (N.D. Ill. July 17, 1990) (granting class certification and noting that prospectively "[d]efendants are always free to argue at a later stage that (for some specified reason) the class representatives have ceased to adequately represent the class"); *Robin v. Doctors Officenters Corp.*, 123 F.R.D. 579, 582 (N.D. Ill. 1988) (decision on motion to decertify the class); *Albertson's, Inc. v. Amalgamated Sugar Co.*, 503 F.2d 459, 465 (10th Cir. 1974) (reviewing decision denying class certification decision and holding "the trial court did not err in

representative on a motion to dismiss. Sloane's ability to serve as a representative of the Classes has **no** place being raised at this stage of the litigation. Courts routinely reject preemptive motions to strike class allegations except in the rare case. As this Court recently explained:

> courts grant motions to dismiss class allegations before class discovery only in the rare few cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met. Thus, it is only when no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23, that a motion to strike class allegations should be granted. In other words, if it is possible that discovery could possibly demonstrate the viability of the class, a defendant's motion to strike class allegations should be denied.

*Swank v. Wal–Mart Stores, Inc.*, No. 13-cv-01185, 2015 WL 1508403-MRH, at *2 (W.D. Pa. Mar. 31, 2015) (internal quotation marks, citations, and alterations omitted) (collecting cases).[16]

There is no basis to deviate from the general rule here. Gulf Interstate does not argue that there are any deficiencies within the Complaint which demonstrate that the requirements for maintaining a class action cannot be met. Sloane has not yet moved for certification of the Classes so any attempt to disqualify him from doing so is premature. *See Hodczak v. Latrobe Specialty Steel Co.*, 08-cv-649, 2009 WL 911224 (W.D. Pa. Mar. 31, 2009) ("where the

---

its determination that [certain claims should not proceed as a class action] because of a conflict of interest within the class"); *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982) (analyzing Rule 23(a) requirements when certifying a class); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 326 (3d Cir. 2008), *as amended* (Jan. 16, 2009) (reviewing decision granting conditional certification).

[16] *See Heinzl v. Cracker Barrel Old Country Store, Inc.*, No. 2:14-cv-1455-MRH, 2015 WL 1925811, *4 (W.D. Pa. Apr. 24, 2015) ("the Court would note that it believes that it is appropriate to follow the prevailing approach of our sister courts in this Circuit, and strike all class allegations at the preemptive stage in only the 'rare' case"); *Bros. v. Portage Nat. Bank*, No. 3:06-cv-94, 2007 WL 965835, at *7 (W.D. Pa. Mar. 29, 2007) ("whatever the standards for certification, the Court will not expect at this juncture anything more from Plaintiff than what Rule 12(b)(6) ordinarily requires: a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8"); *see also* Wright, Miller & Kane, *Federal Practice & Procedure*, Civil 3d § 1798 ("Compliance with the Rule 23 prerequisites theoretically should not be tested by a motion to dismiss for failure to state a claim or by a summary judgment motion…").

individual named plaintiffs have stated legally sufficient claims, any challenge to the propriety of allowing the case to proceed as a collective action is properly reserved until such time as the plaintiffs actually move to conditionally certify the class").[17] Gulf Interstate's motion to dismiss Plaintiff's class and collective action claims should be denied on this basis alone.

### 2.      Sloane's Criminal Record is Not a Bar to Adequacy

Gulf Interstate's argument that Sloane is an inadequate class representative due to his criminal history is not only premature at this stage of the litigation, but it is also inaccurate. Contrary to Gulf Interstate's assertions, Sloane is not a "career criminal." He is a man who made some mistakes, paid his dues, and has successfully fought for the past five years to get his life back on track.[18] *See* Sloane Decl. ¶¶ 8-13. Contrary to Gulf Interstate's assertion, a Plaintiff is not automatically determined to be inadequate based on a previous criminal record.[19] *See, e.g.*, *McCall*, 236 F.R.D. 246, 250 (E.D. Pa. 2006) (finding, at class certification stage, named plaintiff adequate to represent class, and holding that "[plaintiff]'s criminal conviction and his

---

[17] *See also Yucesoy v. Uber Techs., Inc.*, No. 15-cv-0262, 2015 WL 4571547, at *3 (N.D. Cal. July 28, 2015) (allowing plaintiff to amend complaint to add named plaintiffs who defendant argued were inadequate, and holding "[a]dequacy of their status as class representatives can be addressed in the context of the class certification motion"); *Bank v. R and D Strategic Solutions, LLC*, No. 12-cv-01368, 2013 WL 1171108 (E.D.N.Y Mar. 20, 2013) ("the Court declines to address Defendant's arguments concerning the adequacy of representation requirement at this stage, as those arguments are more properly considered upon a motion for class certification under Rule 23."); *Tahir v. Avis Budget Grp., Inc.*, 2009 WL 4911941, at *8 (D.N.J. Dec. 14, 2009) ("Defendants' attack on those portions of this Complaint that relate to the pleading of a collective action is misplaced at this stage of the litigation. Though framed as a Rule 12(b)(6) motion to dismiss, their argument in fact challenges the maintenance of this case as a collective action.").

[18] Ironically, Sloane's criminal history did not disqualify him from employment by Gulf Interstate.

[19] Even if the Court accepts Gulf Interstate's argument that a class representative's criminal history can be relevant to an adequacy determination, "evidence of untrustworthiness or lack of personal integrity is 'but one factor' a court must consider." *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 682 (N.D.Cal.1986). The "most important[ ]" issue remains whether the class representative's "interests are antagonistic to those of the class members." *Id.* at 683. Gulf Interstate does not raise any arguments that qualify here.

testimony regarding it are irrelevant to his ability to represent the class vigorously and responsibly, and do not create any conflict of interest between [plaintiff] and the rest of the class"); *Stanich v. Travelers Indem. Co.,* 259 F.R.D. 294, 315 (N.D. Ohio 2009) (recognizing that "the general rule ... is that unrelated unethical or even criminal conduct is not sufficient to support a finding of inadequacy"); *Parish v. Sheriff of Cook Cnty,* No. 07-cv-4369, 2008 WL 4812875, at *5 (N.D. Ill. Oct. 24, 2008) (if convicted felons could not serve as class representatives, "there would be no such thing as a class action in the prison or jail context"); *see also* Newberg on Class Actions § 3.68 (5th ed. 2015) (noting that "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct").[20]

This is especially true in a wage and hour case where the primary issues will be whether Gulf Interstate properly paid overtime compensation to its employees. *See Cantu v. Milberger Landscaping, Inc.*, No. 13-CA-731, 2014 WL 1413500, at *2 (W.D. Tex. Apr. 3, 2014) (finding named plaintiff's criminal conviction did not render him an inadequate representative as a result of potential credibility issues, because "these peccadillos have little to do with the issue at hand- namely, whether the Defendant's pay practices complied with the FLSA"). Gulf Interstate's premature argument that Sloane is an inadequate class representative must be rejected, and its corresponding request to dismiss Plaintiff's proposed FLSA Class and Pennsylvania class should be denied.

---

[20] Gulf Interstate again cites *Smith v. Josten's Am. Yearbook Co.* for its argument that the Rule 23 and FLSA Collective Claims should be dismissed "for lack of a class representative." (Mot. at 20 (citing *Smith*, 78 F.R.D. at 171-74)). As previously discussed, *Smith* was decided on a motion to dismiss for want of prosecution after discovery had begun. *Smith*, 78 F.R.D. at 178. In *Smith*, the plaintiff could not be located and plaintiff's counsel was found to be inadequate as its "conduct "[fell] below the standard which should be met by counsel attempting to represent a class of potential claimants." *Id.* at 161-68. Gulf Interstate does not, and cannot, argue that the same is true here.

### 3.   Section 216(b) of the FLSA Is Not Subject to Rule 23's Adequacy Requirement

While any analysis of class certification issues is premature on a motion to dismiss, Gulf Interstate's premature assertion that Sloane is not an adequate class representative under the FLSA is defective for the additional reason that Section 216(b) does not follow the Rule 23 requirements for class certification, and it does ***not*** contain an adequacy requirement. *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.").

The prevailing view among federal courts is that Section 216(b) collective actions are ***not*** subject to Rule 23's requirements, particularly at the notice stage. *See, e.g.*, *Forauer v. Vermont Country Store, Inc.*, No. 5:12-cv-276, 2015 WL 225224, at *5 (D. Vt. Jan. 16, 2015) (holding "the strict requirements [of Rule 23]—numerosity, commonality, typicality, and adequate representation—do not apply to a collective action") (quoting *Puglisi v. TD Bank, N.A.,* 998 F.Supp.2d 95, 99 (E.D.N.Y. 2014)); *Bonilla v. Red Bean Sys., Inc.*, 61 F. Supp. 3d 145, 147-48 (D.D.C. 2014) (same); *Robinson v. Empire Equity Grp., Inc.,* Civ. Action No. 09-cv-1603, 2009 WL 4018560, at *1 n. 8 (D. Md. Nov. 18, 2009) ("FLSA collective actions do not have the same adequacy of representation requirements as Rule 23 class actions."); *Ballou v. iTalk, LLC*, No. 11-cv-8465, 2013 WL 3944193, at *7 (N.D. Ill. July 31, 2013) ("there is no 'adequacy of representation' requirement for FLSA certification."); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 358 (D.N.J. 1987) ("[t]he requirements for pursuing a Section 216(b) class action are independent of and unrelated to the requirements of a class action filed pursuant to Rule 23").

Gulf Interstate argues that "Plaintiff can never be similarly situated to the FLSA opt-ins,

because, presumably, none of [Defendant]'s other welding inspectors have a similarly extensive history…" (Mot. at 20.) The "similarly situated" analysis has **nothing** to do with Plaintiff or the proposed FLSA Class' personal life, and **everything** to do with Defendant's common, illegal day rate pay scheme. *Hively v. Allis-Chalmers Energy, Inc.*, No. 13-cv-106, 2013 WL 5936418, at *3 (W.D. Pa. Nov. 5, 2013) (Fischer, J.) ("*Hively II*") ("Conditional certification [requires] a modest factual showing that the proposed plaintiffs are similarly situated. This standard is not particularly high—it merely calls for some evidence, beyond mere speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected the other employees.") (internal quotations and citations omitted). Plaintiff's Complaint sufficiently alleges that he was impacted by Gulf Interstate's common, illegal pay policy in the same manner as the proposed class that he seeks to represent. (*See, e.g.*, Compl. ¶¶ 17-29; ¶ 34. To date, two additional individuals have opted in to the case. For this additional reason, the Court should decline to strike the collective action allegations in the Complaint.

## V.    CONCLUSION

Based upon the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss Plaintiff's Complaint in its entirety.

Dated: November 25, 2015                     Respectfully submitted,

                                             /s Sarah R. Schalman-Bergen_____
                                             Shanon J. Carson (PA 85957)
                                             Sarah R. Schalman-Bergen (PA 206211)
                                             Alexandra K. Piazza (PA 315240)
                                             BERGER & MONTAGUE, P.C.
                                             1622 Locust Street
                                             Philadelphia, PA 19103
                                             Telephone: (215) 875-3000
                                             Facsimile: (215) 875-4604
                                             Email: scarson@bm.net
                                                 sschalman-bergen@bm.net
                                                 apiazza@bm.net

Richard J. (Rex) Burch (TX 24001807)*
James A. Jones (TX 10908300)*
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
Email: rburch@brucknerburch.com
    jjones@brucknerburch.com

*Application for Admission to be Filed*

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record through the Court's ECF system on this 25th day of November, 2015.

By:    <u>/s   Sarah R. Schalman-Bergen</u>
              Sarah R. Schalman-Bergen