**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS SLOANE, individually and on behalf of all persons similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. Act. No. 2:15-cv-01208-NBF |
| GULF INTERSTATE FIELD SERVICES, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**REPLY MEMORANDUM IN SUPPORT OF GULF INTERSTATE FIELD SERVICES,
INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Annette A. Idalski (*pro hac vice*)
F. Beau Howard (*pro hac vice*)
**CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY**
191 Peachtree Street, NE, 34th floor
Atlanta, GA 30303
(404) 658-5386
annette.idalski@chamberlainlaw.com
beau.howard@chamberlainlaw.com

Timothy K. Lewis (I.D. No. 32199)
Keith E. Whitson (I.D. No. 69656)
Jonathan B. Skowron (I.D. No. 307558)
**SCHNADER HARRISON SEGAL &
LEWIS LLP**
120 Fifth Avenue, Suite 2700
Pittsburgh, PA 15222
(412) 577-5200
tlewis@Schnader.com
kwhitson@schnader.com
jskowron@schnader.com

*Counsel for Defendant Gulf Interstate Field
Services, Inc.*

Defendant Gulf Interstate Field Services, Inc. ("GIFS"), by and through its undersigned counsel, respectfully files this Reply Memorandum in Support of its Motion to Dismiss Plaintiff's Collective Action Complaint ("Complaint") to address several issues raised by Plaintiff's Brief in Opposition to the same:

## A.    Plaintiff's Unjust Enrichment Claim is Preempted by the FLSA

First, Plaintiff's assertion that his unjust enrichment claim cannot be preempted by the FLSA is incorrect. Courts across the nation routinely dismiss state common-law claims, including unjust enrichment claims, because they are preempted by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). *See*, *e.g.*, *Preobrazhenskaya v. Mercy Hall Infirmary*, 71 Fed. App'x 936, 941 (3d Cir. 2003), *cert. denied* 540 U.S. 1150 (2004) (dismissing Pennsylvania state common law claim because it was preempted by the FLSA); *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 491 (D.N.J. 2014) (dismissing unjust enrichment and contract claims because they were preempted by the FLSA); *Bouthner v. Cleveland Constr. Inc.*, Civ. Act. No. 11-cv-244-RDB, 2011 WL 2976868, at *7 (D. Md. July 21, 2011) (dismissing unjust enrichment claim because "a plaintiff may not plead under a theory of unjust enrichment to avoid the statutory framework of the FLSA").[1] Indeed, courts have acknowledged that plaintiffs cannot simply avoid the FLSA and its specific statutory requirements by asserting state common law claims.[2] Moreover, state law common law claims are not allowed because they are

---

[1] There are many more such cases. *See Anderson v. Sara Lee Corporation*, 508 F.3d 181 (4th Cir. 2007) (state common-law causes of action including breach of contract, negligence and fraud were preempted by the FLSA) (cited with approval in *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 263 (3d Cir. 2012)); *Guerrero v. JPMorgan Chase & Co.*, Civ. Act. No. Civ. Act. No. 6:09-cv-388, 2010 WL 457144, at *3-4 (E.D. Tex. Feb. 5, 2010) (dismissing state law claims for quantum meruit, unjust enrichment and breach of contract because "Plaintiff is seeking relief under state law theories of recovery for Defendant's alleged violation of the FLSA"); *Helm v. Alderwoods Grp.*, Inc., 696 F.Supp.2d 1057, 1076 (N.D. Cal. 2009) (the FLSA "preempts common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay)"); *Alexander v. Vesta Ins. Grp., Inc.*, 147 F.Supp.2d 1223, 1240-41 (N.D. Ala. 2001) (holding that the FLSA preempted the plaintiffs' common law fraud claim "because Plaintiffs are merely attempting to recast what are clearly FLSA overtime claims in hopes that they might recover damages for mental anguish and punitive damages"); *Petras v. Johnson*, Civ. Act. No. 92-cv-8298, 1993 WL 228014 (S.D.N.Y. June 22, 1993) (FLSA preempted state common law claims that were attempts to recast FLSA claim in hopes of recovering additional punitive damages and damages for mental anguish).

[2] *See*, *e.g.*, *Szczachor v. All Granite & Marble Corp.*, Civ. Act. No. 13-395-SRC, 2014 WL 7365780, at *2 (D. N.J. Dec. 19, 2014) (dismissing plaintiff's common law contract and quantum meruit claims that were "based on the same factual allegations as the FLSA claim"); *Botello v. COI Telecom, LLC*, Civ. Act. No. 10-cv-305-XR, 2010 WL 3784202, at *4 (W.D. Tex. Sept. 21, 2010) (holding that "a plaintiff may not plead under a theory of unjust enrichment to avoid the statutory framework of the FLSA"); *Tombrello v. USX Corp.*, 763 F.Supp. 541, 545 (N.D. Ala. 1991) (plaintiff's common law claim for "work and labor done" was preempted by the FLSA because "plaintiff

duplicative.[3] For example, in a case cited by Plaintiff, a court in this district has even declined supplemental jurisdiction over a Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA") claim to the extent that it was based on the same facts and sought the same relief as the plaintiff's FLSA claim. *Bros. v. Portage Nat. Bank*, No. 3:06-cv-94, 2007 WL 965835, at *7 (W.D. Pa. Mar. 29, 2007). Thus, Plaintiff's argument that "Courts in this District have routinely denied motions to dismiss unjust enrichment claims on preemption grounds in actions just like this one" is not true.[4]

Second, Plaintiff argues that the Third Circuit has not yet considered the specific question of whether a Pennsylvania *unjust enrichment* claim is preempted by the FLSA; perhaps, but the Third Circuit has made its position sufficiently clear that the FLSA preempts state common law claims in general when they are based on the same facts and seek the same relief as the FLSA, *Preobrazhenskaya*, 71 Fed. App'x at 941, and unjust enrichment is obviously a state common law claim. Similarly, in *Knepper*, the Third Circuit stated that it was "sensible" that the FLSA would preempt duplicative state common-law counts such as fraud, breach of contract, *et cetera*. 675 F.3d at 262-63 (citing *Anderson*, 508 F.3d at 193-94).

Third, none of the cases Plaintiff cites actually considered the question of FLSA preemption. *See Hively v. Allis-Chalmers Energy, Inc.*, No. 13-cv-106, 2013 WL 2557629, at *3 (W.D. Pa. June 10, 2013) ("*Hively I*") (considering whether the PMWA, not the FLSA, would

---

cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim"); *Lerwill v. Inflight Motion Pictures, Inc.*, 343 F. Supp. 1027, 1029 (N.D. Cal. 1972) ("the statutory remedy is the sole remedy available to the employee for enforcement of whatever rights he may have under the FLSA"), cited with approval in *Platt v. Burroughs Corp.*, 424 F. Supp. 1329, 1340 (E.D. Pa. 1976).

[3] *Bule v. Garda CL Se., Inc.*, Civ. Act. No. 14-21898-CIV, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (noting that courts nationwide have dismissed "duplicative state law common law claims where they rely on proof of the same facts" as the plaintiff's FLSA claim); *Kelly v. Borough of Union Beach*, Civil Act. No. 10–4124(AET), 2011 WL 551170, at *2 (D.N.J. Feb.8, 2011) ("most other district courts have similarly held that a plaintiff's common law claims are preempted by FLSA where the common law claims are duplicative of or based on the same facts as the plaintiff's FLSA claim"); *Johnson v. WellPoint, Inc.*, Civ. Act. No. 1:060-cv-2430-ODE, 2009 WL 8753325, at *22-23 (N.D. Ga. Mar. 30, 2009) ("Courts in the Eleventh Circuit have held that claims whereby plaintiffs merely 'recast' their FLSA claims are preempted by the FLSA"); *Choimbol v. Fairfield Resorts, Inc.*, Civ. Act. No. 2:05-cv-463, 2006 WL 2631791, at *4-6 (E.D. Va. Sept.11, 2006) (dismissing the state common law claims because they "merely recast[] the central claim in this case: violation of the FLSA"); *Moeck v. Gray Supply Corp.*, Civ. Act. No. 03-cv-1950, 2006 WL 42368, at *2 (D. N.J. Jan.6, 2006) (dismissing plaintiffs' fraud and negligent misrepresentation claims because they were "merely are based on Plaintiffs' overtime claims" and therefore "preempted by the FLSA").

[4] *See* Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss Pl.'s Compl. 12-13 [Dkt. 17] (hereinafter "Opp'n to Mot. to Dismiss").

preempt an unjust enrichment claim); *Thompson v. U.S. Airways, Inc.*, 717 F. Supp. 2d 468, 474 (E.D. Pa. 2010) (considering preemption by the Airline Deregulation Act of 1978, not the FLSA); *Zelinsky v. Staples, Inc.*, No. 08-cv-684, 2008 WL 4425814, at *8 (W.D. Pa. Sept. 29, 2008) (court refused to consider FLSA preemption because the plaintiff did not plead an FLSA claim). Unlike Plaintiff's cases, the precedent cited by GIFS is on point, and the overwhelming weight of authority supports dismissal of the Plaintiff's unjust enrichment claim.

### B.   Plaintiff is Not an Adequate Class Representative and His Class Claims Must be Dismissed

Plaintiff presents three arguments as to why the Court should not dismiss his class claims and disqualify him as the class representative: (1) GIFS's motion is premature; (2) Plaintiff's criminal record has no bearing on his adequacy to serve as class representative; and (3) Plaintiff is now a changed man. None of these arguments have merit.[5]

First, the issue of Plaintiff's adequacy is not premature. Plaintiff has not cited a single case in which a class representative was not disqualified immediately upon the court's awareness of a pattern of dishonest conduct, including felonies.[6] To the contrary, it is the Court's duty to ensure that the potential class is adequately represented at all times. *Council 31, Am. Fed'n of*

---

[5] As an initial matter, it is worth noting that Plaintiff admits each and every crime set forth in the Motion to Dismiss, and he also admits that the Court may take judicial notice of facts within the public record. (*See* Opp'n to Mot. to Dismiss 5 (citing FED. R. CIV. P. 12(b)(6); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).) Indeed, the law is clear that courts routinely take judicial notice of prior criminal convictions, including when ruling on Rule 12(b)(6) motions to dismiss. *See* Fed. R. Civ. P. 201(d); *Wodarski v. Erie Office of Children & Youth Servs.*, Civ. Act. No. 10-cv-292, 2012 WL 602933, at *1 n.3 (W.D. Pa. Feb. 23, 2012) ("[t]his Court may take judicial notice of the state criminal proceedings in connection with this Rule 12(b)(6) adjudication") (citing *O'Boyle v. Braverman*, 337 Fed. Appx. 162, 164 (3rd Cir. 2009)); *Gov't of Virgin Islands v. Testamark*, 528 F.2d 742, 743 (3d Cir. 1976) (upholding judicial notice of defendant's prior conviction).

[6] In fact, in all but one of Plaintiff's cases which are cited to support the proposition that GIFS motion is premature, the representative party was never even alleged to have been inadequate due to a criminal record, and thus the decisions are not relevant to the situation here. *See Swank v. Wal–Mart Stores, Inc.*, No. 13-cv-01185, 2015 WL 1508403-MRH, at *2 (W.D. Pa. Mar. 31, 2015) (no allegation of inadequacy as a result of a protracted criminal history); *Heinzl v. Cracker Barrel Old Country Store, Inc.*, No. 2:14-cv-1455-MRH, 2015 WL 1925811, *4 (W.D. Pa. Apr. 24, 2015) (no criminal history alleged, and the request to strike was raised for the first time in an objection to the Magistrate Judge's Report & Recommendation, which was inappropriate); *Bros. v. Portage Nat. Bank*, No. 3:06-cv-94, 2007 WL 965835, at *7 (W.D. Pa. Mar. 29, 2007) (no attack on the adequacy of the named plaintiff, and no allegation of criminal history); *Hodczak v. Latrobe Specialty Steel Co.*, 08-cv-649, 2009 WL 911224 (W.D. Pa. Mar. 31, 2009) (this is an ADEA case, and there was no attack on the plaintiff's credibility, and no allegations of criminal history); *Bank v. R and D Strategic Solutions, LLC*, No. 12-cv-01368, 2013 WL 1171108 (E.D.N.Y Mar. 20, 2013) (no allegations of criminal misconduct, but the court explained that the plaintiff could not pursue a class action *pro se*). Similarly, in Plaintiff's final citation, the representative parties were accused, but never convicted, of isolated incidents of criminal conduct, and unlike the Plaintiff in this case, they denied the allegations. *See Yucesoy v. Uber Techs., Inc.*, No. 15-cv-0262, 2015 WL 4571547, at *3 (N.D. Cal. July 28, 2015).

*State, Cty. & Mun. Employees, AFL-CIO v. Ward*, No. 87-cv-356, 1990 WL 103226, at *3 n.4 (N.D. Ill. July 17, 1990) ("we have an ongoing obligation to insure *at each stage in the litigation* that the class representatives are adequate") (emphasis added). Moreover, there is no actual requirement that the court wait until the decertification stage or after discovery as Plaintiff asserts. Plaintiff cites *Swank v. Wal–Mart Stores, Inc.*, No. 13-cv-01185, 2015 WL 1508403-MRH, at *2 (W.D. Pa. Mar. 31, 2015), for this point, but *Swank* states the opposite. The court points out that disqualification of a representative prior to a motion for certification is reserved for circumstances, like this one, in which the pleadings show that certification will fail. *Id.* *Swank* further confirms that a district court is within its discretion to deny class discovery if the plaintiff fails to make "a *prima facie* showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Id.* In this case, the pleadings—which logically include matters of public record such as the Plaintiff's extensive criminal history—affirmatively show that Plaintiff will not be able to carry his burden of demonstrating his adequacy as a class representative.

No amount of discovery will change Plaintiff's criminal record in this case, nor will waiting until Plaintiff files a motion for certification. Plaintiff's record is what it is. Accordingly, the Court can and should disqualify Plaintiff as the class representative and dismiss his class and collective claims at this time. The district court in *Valdez v. Cox Communications* did just that when it learned of Plaintiff's criminal history prior to circulating notice of the FLSA collective action, and prior to certifying a Rule 23 class.[7] A failure to do so would result in expensive and wasteful litigation when the Court already knows that Plaintiff is clearly unfit to serve as a class representative.

Next, Plaintiff argues that his criminal history is irrelevant to his serving in the trusted capacity as the representative of a class of potentially hundreds of workers; but Plaintiff fails to support his argument as he has not cited a single case in which the representative party has an

---

[7] *See Valdez v. Cox Commc'ns Las Vegas, Inc.*, Civ. Act. No. 2:09-CV-01797-PMP, 2011 WL 2463290, at *1 (D. Nev. June 20, 2011) (ruling, "this action could never have been filed as a Collective Action Complaint or Class Action Complaint" after disqualifying Plaintiff based on his criminal history).

extensive criminal history—like Plaintiff has here—and was nonetheless allowed to carry on in a representative capacity. Indeed, most of Plaintiff's Rule 23 cases involve parties who were never even charged with or convicted of a crime.[8] Nor is Plaintiff's citation to class actions in the prison context convincing since, in such a case, *all* potential class representatives would have a criminal history, which is plainly not the case here.[9] Finally, in the only one of Plaintiff's FLSA cases involving the alleged criminal conduct of a named plaintiff (which is from Texas), the court never discussed the severity of the crimes at issue, but noted that some courts—including the Eastern District of Pennsylvania—might rule that a criminal history prevents the party from being "similarly situated" to the class.[10]

In short, Plaintiff's judgment and trustworthiness *do matter*, and Plaintiff's extensive criminal history demonstrates a complete inadequacy to serve a class representative.[11] The repetitive nature of Plaintiff's convictions only further drives home the point of his inadequacy to serve as a Rule 23 class representative. *Hall v. National Recovery Sys., Inc.*, 1996 WL 467512, *5 (M.D. Fla. 1996) ("[w]hile any of these allegations individually may not be sufficient to

---

[8] In *Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294, 315 (N.D. Ohio 2009), the plaintiff was never charged with or convicted of a crime. In *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 682 (N.D.Cal.1986), the plaintiff was indicted an alleged crime, but the indictment was dismissed and there was obviously no conviction. *In re Computer Memories Sec. Litig.*, 111 F.R.D. at 682 (indictment dismissed and no conviction); *See Forauer v. Vermont Country Store, Inc.*, No. 5:12-cv-276, 2015 WL 225224, at *5 (D. Vt. Jan. 16, 2015) (no criminal allegation); *Ballou v. iTalk, LLC*, No. 11-cv-8465, 2013 WL 3944193, at *7 (N.D. Ill. July 31, 2013) (no criminal history alleged); *Robinson v. Empire Equity Grp., Inc.*, Civ. Action No. 09-cv-1603, 2009 WL 4018560, at *1 n.8 (D. Md. Nov. 18, 2009) (no criminal allegation); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 358 (D.N.J. 1987) (no criminal history alleged); *Hively v. Allis-Chalmers Energy, Inc.*, No. 13-cv-106, 2013 WL 5936418, at *3 (W.D. Pa. Nov. 5, 2013) (no criminal history alleged). In *McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. 246, 251 (E.D. Pa. 2006), the plaintiff had a criminal conviction, but it was 15 years old, and therefore irrelevant.

[9] *See Parish v. Sheriff of Cook Cnty.*, No. 07-cv-4369, 2008 WL 4812875, at *5 (N.D. Ill. Oct. 24, 2008) (noting that, in the prison context, a criminal history did not "differentiate [the named plaintiffs] from other class members or make their interests different from those of the class as a whole").

[10] In *Cantu v. Milberger Landscaping, Inc.*, No. 13-CA-731, 2014 WL 1413500, at *2 (W.D. Tex. Apr. 3, 2014), the district court judge made reference to the plaintiff's unspecified crimes, referring to them dismissively as "peccadillos." The court never explained the severity or extent of the crimes, but cited the Eastern District of Pennsylvania's decision in *Martin v. Citizens Fin. Group, Inc.*, 2013 WL 1234081, at *7 (E.D. Pa. Mar. 27, 2013), in which the court found that the plaintiffs' various credibility issues would subject them to different defenses, which rendered them not "similarly situated," and resulted in the court decertifying the FLSA collective action.

[11] *Weisman v. Darneille*, 78 F.R.D. 669, 671 (S.D.N.Y. 1978) (disqualifying plaintiff as class representative because of his felony conviction); *Kirkpatrick v. Ironwood Communications, Inc.*, 2006 WL 2381797, *6 (W.D. Wash. 2006) ("[t]he most serious concern over the adequacy of the proposed class representatives are the criminal records of Mr. Miller and Mr. Kirkpatrick. Such concerns are relevant to the adequacy of a class representative."); *Davidson v. Citizens Gas & Coke Utility*, 238 F.R.D. 225, 228 (S.D. Ind. 2006) ("Amos and Williams turned out to be (at best) questionable class representatives due to their felony criminal records and the reduced credibility those criminal records would produce").

defeat Hall as an adequate representative, this Court finds that <u>with Mr. Hall's multitude of impeachable convictions</u> and prior inconsistent statements, he would lack credibility at trial and, thus, materially prejudice other class members") (emphasis added). Even in the FLSA context, a history of impeachable criminal actions can prevent a named plaintiff from satisfying the "similarly situated" requirement as a matter of law. *Martin v. Citizens Fin. Group, Inc.*, 2013 WL 1234081, at *7 (E.D. Pa. Mar. 27, 2013); *Pagan v. The New Wilson's Meats, Inc.*, No. CIV. 08-0751, 2011 WL 1876027, at *7, n.10 (E.D. Pa. May 17, 2011).

Third, Plaintiff argues that even if past criminal conduct may be relevant, he has repented of his errors, and is therefore fit to serve as a representative. (*See* Sloane Decl. ¶ 5 [Dkt. 17-1].) Plaintiff's attempt to justify and explain certain (but not all) of his convictions does nothing to mitigate the risk of his serving as a class representative. While Plaintiff may indeed have "fought for the past five years to get his life back on track"—and while this is a noble and worthy aim— it does nothing to erase his unique history and the effect it would have, especially since many of Plaintiff's convictions are crimes of dishonesty, including repeated felonies for burglary, forgery, and criminal mischief.

Currently, there is no one to replace Plaintiff as class representative. While it is true that three potential opt-ins have filed consents, none have worked in Pennsylvania, and thus none could serve as the class representative. Without an adequate class representative, Plaintiff's class and collective action claims must be dismissed.

### C. <u>Plaintiff's Pay Letters, Referenced in His Complaint, Show That He Fails to State a Claim Upon Which Relief Can be Granted</u>

Plaintiff argues that the Court cannot consider his pay letters as they are beyond the pleadings and present a credibility issue which cannot be resolved at this stage. Both contentions are incorrect because the pay letters are integral to the Complaint, making them ripe for consideration. Moreover, the contents are undisputed and show that Plaintiff had a guaranteed wage, which contradicts the allegations in the Complaint. Clearly, <u>there is no credibility issue,</u>

but there is a significant conflict between the pay agreement alleged and the pay agreement Plaintiff actually signed, which prevents him from stating plausible FLSA and PMWA claims.

The entire premise of the Complaint is that Plaintiff was not paid legally pursuant to the FLSA and PMWA. In at least three paragraphs, he references a pay letter, an "arrangement" between himself and GIFS, or the alleged terms of his pay plan with GIFS, as follows:

> 25. Prior to hiring on, each Field Worker receives an **offer letter** from Gulf Interstate. Under the **terms of the arrangement** between Gulf Interstate and the Field Workers, the Field Workers **will be paid** a set amount for "Day Worked."

> 26. The **employment arrangement** between Gulf Interstate and the Field Workers **does not include any minimum guarantee of a certain amount of pay** which is to be paid regardless of the number of hours or days worked.

> 27. Gulf Interstate **pays its Field Workers a day rate** for the work they perform.

(Compl. ¶¶ 25-27 [Dkt. 1] (emphasis added).) The pay letters and payroll documents—which show how Plaintiff agreed to be paid and how Plaintiff was paid—are integral to his wage-and-hour claims and can, therefore, be considered. Plaintiff's June 17, 2014 pay letter states: "You are being hired as a full time oil & gas pipeline inspector. This is an exempt position, which means you are not entitled to overtime pay. You will be paid your guaranteed salary (stated above)…." (Kramer Decl., Ex. 2.) Plaintiff's timesheets and payroll documents demonstrate conclusively that he was paid in accord with the pay letter and show that Plaintiff received his full guaranteed salary for every week he was employed by GIFS, including weeks when he worked less than seven days. (*Id.* at Exs. 3-4.)

Plaintiff admits that he received the April 11, 2014 letter when he joined GIFS. (Compl. ¶ 25.) Further, he does not dispute that he received and countersigned the June 17, 2014 pay letter. (Opp'n to Mot. to Dismiss 5-6.) Instead, Plaintiff simply argues that the Court should disregard the documents for the time being because "the letters, payroll records, and timesheets **are not alleged in the Complaint in a manner** that would permit Gulf Interstate to introduce them as extrinsic evidence." (Opp'n to Mot. to Dismiss 6.) This is the ultimate in form over substance, and Plaintiff's argument should be rejected because Plaintiff is attempting to plead that he was paid pursuant to an alleged pay arrangement that clearly did not exist.

7

This Circuit has rejected and dismissed complaints under similar circumstances. In *Hughes v. United Parcel Serv., Inc.*, Civ. Act. No. 14-3822, 2015 WL 1021312, at *3 (E.D. Pa. Mar. 6, 2015), the court said, "[p]laintiffs' causes of action are based entirely on their employment relationship with UPS, which is governed by the CBA, and Defendant's breach of that CBA … They cannot deny Defendants the right to rely upon the very CBA that forms the basis of their relationship with their employer, and that forms the basis of each of their claims. Defendants' attachment of the CBA to their Motions to Dismiss, and their reliance upon the CBA, is perfectly proper." *Id*.

Likewise, the decision in *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), is also instructive. In that case, the plaintiff did not explicitly refer to or cite BCF's 1994 Annual Report, but made incorrect allegations about information that was contained in the Annual Report. *Id*. The Third Circuit held that "[i]n the absence of such a citation, we think it was reasonable for the district court to have looked to the 1994 Annual Report that defendants provided" and the Court agreed that the complaint should be dismissed because the complaint contradicted the Annual Report. *Id.*

Similarly, here, the pay letter conflicts with Plaintiff's Complaint at paragraphs 25-27. The pay letter states that Plaintiff was guaranteed a weekly wage and his Complaint states that there was no guarantee. Thus, the Court should dismiss the Complaint for failure to state FLSA and PMWA claims because its core allegations are shown to be false by the same pay letter referenced in, but not attached to, Plaintiff's Complaint.

Finally, Plaintiff argues that, even if the Court were to consider the June 17, 2014 pay letter, it does not reflect a guaranteed salary because it states that Plaintiff would not be paid for personal days he takes off from work. (Opp'n to Mot. to Dismiss 6 n.4.) This is not a correct statement of the law. Deducting salary for personal days off is permitted under the FLSA regulations. *See* 29 C.F.R. § 541.602(b)(1). Further, the pay letter states a clear policy against improper deductions, which places the pay plan within the safe harbor provision of 29 C.F.R.

§ 541.603(d). Finally, Plaintiff does not (and cannot) allege that any deductions were ever made from his salary. For all of these reasons, Plaintiff's argument in this regard is without merit.[12]

Respectfully submitted this 14th day of December, 2015.

SCHNADER HARRISON SEGAL & LEWIS, LLP

s/ Timothy K. Lewis
Timothy K. Lewis (I.D. No. 32199)
Keith E. Whitson (I.D. No. 69656)
Jonathan B. Skowron (I.D. No. 307558)
120 Fifth Avenue, Suite 2700
Pittsburgh, PA 15222
(412) 577-5200
tlewis@Schnader.com
kwhitson@schnader.com
jskowron@schnader.com

CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY

s/ F. Beau Howard
Annette A. Idalski, *pro hac vice*
F. Beau Howard, *pro hac vice*
191 Peachtree Street, NE, 34th floor
Atlanta, GA 30303
(404) 658-5386
annette.idalski@chamberlainlaw.com
beau.howard@chamberlainlaw.com

*Counsel for Defendant Gulf Interstate Field Services, Inc.*

---

[12] Plaintiff argues that "Gulf Interstate overlooks that **there is no HCE exemption under the PMWA**." (Opp'n to Mot. to Dismiss 9 n.9.) This is incorrect. Like the FLSA, the PMWA contains exceptions for "bona fide executive, administrative, or professional" employees. 43 Pa. Stat. Ann. § 333.105(a)(5). The applicable regulations define "bona fide administrative capacity" consistent with the FLSA. *See* 34 Pa. Code § 231.83. Accordingly, Pennsylvania courts interpret the PMWA exemptions consistent with the FLSA. *See, e.g., Pieretti v. Dent Enterprises, Inc.*, Civ. Act. No. 11-cv-2179, 2013 WL 754436, at *3 (E.D. Pa. Feb. 27, 2013) ("the PMWA administrative exemption parallels the administrative exemption of the Fair Labor Standards Act"), *aff'd sub nom. Pieretti v. Dent Enterprises*, 553 F. App'x 244 (3d Cir. 2014); *Ibanez v. Abbott Labs., Inc.*, Civ. Act. No. 09-1406, 2011 WL 5572621, at *2 (E.D. Pa. Nov. 15, 2011) ("Pennsylvania's administrative exemption substantially mirrors the FLSA's requirements"). Contrary to Plaintiff's argument, the PWMA administrative exemption contains a long test for administrative employees who earn less than $250 per week, and a less rigorous, short test for employees who earn a salary that meets or exceeds $250 per week. *See* 34 Pa. Code § 231.83(5); *Ibanez*, 2011 WL 5572621, at *2. As with the FLSA, those who work outside as inspectors and quality assurance professionals may qualify as exempt administrative employees under the PMWA short test. *See, e.g., Pieretti*, 2013 WL 754436, at *1-3; *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349, 360 (5th Cir. 2015), *O'Dell v. Alyeska Pipeline Serv. Co.*, 856 F.2d 1452, 1454 (9th Cir. 1988), and *Schaefer v. Ind. Mich. Power Co.*, 358 F.3d 394, 402 (6th Cir. 2004).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day a copy of the foregoing **Reply Memorandum in Support of Gulf Interstate Field Services, Inc.'s Motion to Dismiss Plaintiff's Complaint** was filed electronically with the Court's CM/ECF system which will send notifications to all parties and/or counsel of record, including:

Alexandra Koropey Piazza
Sarah R. Schalman-Bergen
Shanon J. Carson
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3063
(215) 875-4604 (fax)
apiazza@bm.net
sschalman-bergen@bm.net
scarson@bm.net

Richard J. (Rex) Burch
James A. Jones
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788
(713) 877-8065 (fax)
rburch@brucknerburch.com
jjones@brucknerburch.com

Respectfully submitted this 14th day of December, 2015.

**CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY**

<u>s/ F. Beau Howard</u>
F. Beau Howard, *pro hac vice*