IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS SLOANE, individually and on behalf of all persons similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 15-1208<br>Judge Nora Barry Fischer |
| GULF INTERSTATE FIELD SERVICES, INC. | ) ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 28th day of July, 2016, upon consideration of Plaintiff Thomas Sloane's "Emergency Motion to Stay Transfer Order and Motion to Correct," (Docket No. [138]),

IT IS HEREBY ORDERED that said Motion [138] is DENIED.

In so holding, the Court notes that Plaintiff does not contest the transfer of this matter to the appropriate District Court, i.e., the United States District Court for the Middle District of Pennsylvania. (Docket No. 138 at 2 ("we concede the Court was within its discretion to transfer the case and do not seek reconsideration of that determination.")). Hence, there is no reason to stay the transfer of this matter, forthwith, as previously ordered.

The sole basis of the pending motion is the assertion by Plaintiff's counsel that statements in the Court's Opinion that "were not central to the Court's ruling on venue" must be corrected because they are allegedly "important to the firm's reputation." (*Id.* at 1). But, Plaintiff and his counsel have failed to demonstrate that reconsideration of certain of the Court's factual findings is warranted under the prevailing standard after considering all of the facts and circumstances in this matter.

To this end, the Court may grant a motion for reconsideration if the moving party shows:

(1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, Crim No. 03-245, 2008 WL 5429620, at *1 (W.D.Pa. Dec. 31, 2008) (citing *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see United States v. Hoey*, 2011 WL 748152, at *2 (W.D. Pa. 2011) (citation omitted), to express disagreement with the Court's rulings, *see United States v. Perminter*, Cr. No. 10-204, 2012 WL 642530, at *7 (W.D. Pa. Feb. 28, 2012), or for addressing arguments that a party should have raised earlier, *see United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted). As the Court of Appeals has held,

> even the most learned judges are not clairvoyant. Thus, we do not require district judges to anticipate and join arguments that are never raised by the parties. Instead courts rely on the litigants not only to cite relevant precedents, but also to frame the issues for decision.

*Dupree*, 617 F.3d at 728 (citations omitted). Accordingly, it is the responsibility of the parties and their respective counsel to present all relevant facts to the Court prior to a disposition being rendered on a particular matter so as to avoid piecemeal rulings. *Id.*

Here, Plaintiff and his counsel were provided a full and fair opportunity to contest the Court's proposed transfer to the Middle District but failed to address this possibility, at all, in accordance with the established schedule for supplemental briefing or in any other manner during the 60 days between the May 26, 2016 hearing and the issuance of the Court's ruling on July 27, 2016. While the Court accepts the subsequent representations from counsel that Bruckner Burch did not purchase any advertisements, etc., contrary to how its client Mr. Sloane

testified at the March 2016 session of his ongoing deposition, this specific information was never presented to the Court prior to the issuance of the decision. (Docket No. 138). The Court, however, did note that counsel from Berger & Montague denied that the firm was running advertisements in February of 2016. (Docket No. 136 at n. 5). In any event, the Court continues to believe that the factual findings set forth in the Memorandum Opinion and conclusions therefrom were fairly gleaned from the record as it was developed at the time that the decision was reached, regardless of the qualifications in Mr. Sloane's testimony. (Docket No. 136, 137).

Additionally, to the extent that Plaintiff and his counsel suggest that it would be appropriate for the Court to permit them to submit a revised opinion for the Court's signature, as is set forth in the Proposed Order accompanying the Motion, the Court strongly disagrees as to do so would clearly violate well-settled law of this Circuit. As the Court of Appeals has held,

> Judicial opinions are the core work-product of judges. They are much more than findings of fact and conclusions of law; they constitute the logical and analytical explanations of why a judge arrived at a specific decision. They are tangible proof to the litigants that the judge actively wrestled with their claims and arguments and made a scholarly decision based on his or her own reason and logic. When a court adopts a party's proposed opinion as its own, the court vitiates the vital purposes served by judicial opinions. We, therefore, cannot condone the practice used by the District Court in this case.

*Bright v. Westmoreland Cty.*, 380 F.3d 729, 732 (3d Cir. 2004). Further, "judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Lyttle v. AT&T Corp.*, 2013 WL 6008494, at *1 (W.D. Pa. Nov. 13, 2013) (quoting *U.S. Bancorp Mortgage Company v. Bonner Mall Partnership*, 513 U.S. 18, 26, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)). In this instance, the private interests of counsel in the judicial opinion do not outweigh the interests of the public and future litigants who must

understand all of the bases supporting the Court's ruling. As the transfer itself is not contested, the Court sees no reason to revise its decision to comport to the version of the facts that Plaintiff and his counsel believe are most advantageous to them, particularly when they failed to present any additional information to the Court concerning the transfer.

       For all of these reasons, Plaintiff's Motion [138] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record.